IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,              ) | |
| ) | |
| Plaintiff,                   ) | Case No:  08 CR 515 |
| ) | |
| v.                                     ) | Judge Ruben Castillo |
| ) | |
| ROBERT J. WEINSTEIN,                   ) | |
| ) | |
| Defendant.                    ) | |
| ) | |

**DEFENDANT ROBERT WEINSTEIN'S MOTION FOR IMMEDIATE DISCLOSURE
OF EXCULPATORY AND IMPEACHMENT EVIDENCE**

Defendant Robert Weinstein, by his attorneys, respectfully requests pursuant to Federal Rule of Criminal Procedure 16 and the principles enunciated in *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972), that the Court direct the government to immediately disclose all evidence within its possession, custody or control, the existence of which is known, or by the exercise of due diligence may become known, which is in any way favorable to Dr. Weinstein, bears upon the credibility of a government witness, is material to the preparation of the defense, or is intended for use by the government as evidence at trial.  In support of his Motion, Dr. Weinstein states as follow:

1. The government has been investigating Dr. Weinstein's business affairs for at least four years.  The government has indicated to Dr. Weinstein's counsel that it has a large volume material relating to the case against him and will produce these materials.  Presently, the government has provided only a very small amount of material to the defense.  This Motion is not a general complaint regarding the production of standard pre-trial materials; the government undoubtedly will produce these materials as promised.  This Motion strictly focuses on *Brady* and *Giglio* obligations.

2. The parties conducted a discovery conference as required by Local Criminal Rule 16.1(a) on July 16, 2008 and have also had additional telephone conversations regarding discovery issues. The government confirmed and expanded on the discovery conference in a letter dated July 31, 2008. *See* Ex. A. In that letter, the government acknowledged its "continuing obligation to disclose information" under *Brady* and stated that the government will review its files to determine the existence of Rule 16 material. *See* Ex. A at 3. Counsel for Dr. Weinstein responded to the government's letter on August 6, 2008 and specifically requested all *Brady* and *Giglio* material, including, but not limited to, agent notes and typed summaries of interviews of potential witness Alan Brown and impeachment evidence related to Stuart Levine. *See* Ex. B at 2-3.

3. Brady and its progeny impose on the government an affirmative duty to disclose evidence that is both favorable to the defense and material to either guilt or punishment. *Brady*, 373 U.S. at 87; *Boss v. Pierce*, 263 F.3d 734, 740 (7th Cir. 2001) (*citing Kyles v. Whitley*, 514 U.S. 419, 432-34 (1995)); *see also United States v. Delatorre*, 438 F. Supp.2d 892, 901 (N.D. Ill. 2006) ("Under Brady, the Government has a duty to disclose evidence favorable to the defense (either exculpatory or that which could be used for impeachment) where such evidence is material either to guilt or punishment.").

4. The government must disclose *Brady* evidence promptly and on an ongoing basis. *United States v. Starusko*, 729 F.2d 256, 261 (3d Cir. 1984) (*Brady* material should be promptly disclosed); *Hamric v. Bailey*, 386 F.2d 390, 393 (4th Cir. 1967) ("If it is incumbent on the State to disclose favorable evidence to an accused, manifestly, that disclosure to be effective must be made at a time when disclosure would be of value to the accused."); *Unites States v. Valles*, 135 F.R.D. 182, 184 (N.D. Ill. 1991) (government must provide exculpatory evidence to the

defendant "as it becomes known"). The principles announced by *Brady* apply to all types of evidence, including Jenks Act/§3500 material that would otherwise be protected from pre-trial discovery. *See*, *e.g.*, *United States v. Tarantino*, 846 F.2d 1384, 1414 n.11 (D.C. Cir. 1988) ("Of course, under *Brady v. Maryland* …, the government has additional obligations deriving from the Fifth Amendment to disclose exculpatory material, and the limitations on discovery contained in the Jencks Act do not lessen those obligations.") (collecting cases); *United States v. Richards*, No. 89 CR 426, 1990 WL 17074, *11 n.2 (N.D. Ill. Jan. 30, 1990) (to the extent § 3500 material also qualifies as exculpatory or impeachment material, it should be disclosed prior to trial) (*citing Tarantino*).

     5.    Dr. Weinstein reasonably believes that the government may have obtained exculpatory evidence from several witnesses. To make his request tangible, but not to limit its scope, Dr. Weinstein believes the government may have obtained but not yet produced exculpatory evidence in the course of interviewing the following potential witnesses:

     (a)    Alan Brown;

     (b)    Mel Rosenberg; and

     (c)    Stuart Levine.

Dr. Weinstein respectfully requests all information in the government's possession particularly related to Alan Brown, Mel Rosenberg and Stuart Levine, as well as any and all other *Brady* material.

     6.    It is well settled that the due process requirements set forth by the Supreme Court in *Brady* require the pre-trial disclosure of not only evidence tending to exculpate the defendant, but also evidence that the defendant might use to impeach government witnesses. *Giglio*, 405 U.S. at 154 (the *Brady* rule encompasses impeachment evidence because "reliability of a given

witness may well be determinative of guilt or innocence") (internal citation omitted); *United States v. Bagley*, 473 U.S. 667, 676 (1985).

       7.     Dr. Weinstein has reason to believe that the government has a significant amount of impeachment evidence related to Stuart Levine, the government's key witness in its case against Dr. Weinstein. From public disclosures during the recently concluded case of *United States v. Rezko* (J. St. Eve) in which Levine testified at length, it is clear that a significant amount of *Giglio* material relating to Levine is already available. To make his request tangible, but not to limit its scope, Dr. Weinstein also believes that in addition to the impeachment materials already revealed in the *Rezko* case, the government has further impeachment evidence relating to Levine including:

    (a)    Indirect financial inducements provided to Levine with regard to Harris Bank's pending civil lawsuit against Levine.

    (b)    Financial inducements provided to Levine and Levine's family in return for Levine's cooperation, including Levine and his family's ability to retain real and personal property arguably subject to forfeiture.

Such evidence falls under the government's disclosure requirement. *United States v. Coggs*, 752 F. Supp. 848, 849 (N.D. Ill. 1990) (granting defendant's motion for disclosure of *Giglio* materials related to "statements of government witnesses, plea agreements, monies paid to witnesses, and witness assistance by the government"). Thus, Dr. Weinstein requests that the government provide to the defense this information, and any and all of other impeachment evidence.

- 5 -

8.       WHEREFORE, for reasons stated herein, Dr. Weinstein respectfully requests that the Court order the government to disclose immediately and on an ongoing basis any *Brady* and *Giglio* material in its possession.

Dated:  August 29, 2008                                    Respectfully submitted,


/s/ Vincent J. Connelly
Vincent J. Connelly
Sarah E. Streicker
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL  60606-4637
(312) 782-0600

*Attorneys for Defendant Robert J. Weinstein*

# EXHIBIT A



*U.S. Department of Justice*

*United States Attorney*
*Northern District of Illinois*

---

*Kaarina Salovaara*
*Assistant U.S. Attorney*

*Office (312) 353-8880*
*Facsimile (312) 886-3502*
*Dirksen Federal Building*
*219 South Dearborn Street, Suite 500*
*Chicago, Illinois 60604*

By Hand Delivery

July 31, 2008

Vincent J. Connelly
Mayer Brown LLP
71 S. Wacker Drive
Chicago, Illinois 60606

      Re: *United States v. Weinstein*, 08 CR 515

Dear Mr. Connelly:

      This letter is to confirm the substance of a portion of our meeting on July 16, 2008, and our e-mail exchange yesterday and today, and to make certain disclosures and proposals pursuant to Local Criminal Rule 16.1 and Rule 16 of the Federal Rules of Criminal Procedure.

      As we discussed, we are today producing discovery materials pursuant to the terms of a protective order previously entered by Judge Shadur in another case, *United States v. Vrdolyak*, 07 CR 298 (the "Protective Order"). You agreed to abide now by the terms of the Protective Order in this case, and we agreed that we will ask Judge Castillo to enter the terms of this Protective Order in this case at our next status.

      As we also discussed, the government anticipates that it will produce the vast majority of the discovery in this case in electronic form. Enclosed with this letter is some of that discovery, on two CDs, each labeled "Discovery Produced 7/31/08," and, additionally, approximately seventy-one pages of transcripts, which materials are described in the enclosed two-page discovery log. The log includes columns labeled "Description," "Activity, and "Speakers," and that information is provided solely to suggest the material in each batch. It is *not* intended to be a complete description of the materials in the batch and you should *not* rely upon it *except* as a general suggestion as to the type of material in the batch.

      As you will note, the electronic materials have been arranged

by document, and thus you can determine where a document begins and ends. While the government has attempted to accurately scan the documents it has received into the database, it cannot guarantee that every page has been scanned accurately or that every document break has been captured. If you have any questions about any document, please do not hesitate to contact me.

As we also discussed, we will not immediately produce additional materials to you. After you review these materials, please give me or Bill Hogan a call.

We propose a timetable and procedures as follows:

1. **Inspection, Copying, Or Photographing Information Subject To Disclosure Pursuant To Fed.R.Crim.P. 16**

    a. **Statements of defendant, including certain recorded conduct**

    Six statements by defendant were recorded in the course of a Court-authorized Title III surveillance of certain telephone lines. At this time, the government is producing all six of these telephone conversations, and these conversations are on the disk marked "6 Call Recording between Weinstein & Levine, 04 & 05/2004." The government has prepared draft transcripts of these six conversations and we are producing those draft transcripts today, and all of the draft transcripts are produced subject to your agreement that the **draft** transcripts will not be used at trial, or in any proceeding, for any purpose, including cross-examination of any witness. To memorialize this agreement, please sign and return a copy of this letter to me. Your signature will stand as your agreement that you will not use the **draft** transcripts at trial or in any proceeding, for any purpose, including cross-examination of any witnesses.

    b. **Defendant's Prior Record**

    At the present time, the government is not aware of any prior criminal history. In the event we learn contrary information, we will provide that information to you.

    c. **Defendant's Property In Government Custody**

    During the investigation, defendant produced materials in response to various subpoenas. If you wish to inspect any of that material, please contact me.

    d. **Reports Of Examinations and Tests**

    None. In the event results of examination, test, or experiments are received, they shall be provided to you.

2. **Preserving The Written Notes Of Agents**

   The government will direct the government agents involved in the related investigations to preserve their written notes, if any.

3. **Evidence To Be Introduced Pursuant To Fed.R.Evid. 404(b)**

   We propose that no later than four weeks prior to trial, the government will identify and provide notice of the evidence it intends to introduce pursuant to Federal Rule of Evidence 404(b).

4. **Filing Of A Proffer Made Within The Scope Of United States v. Santiago, 582 F.2d 1128 (7th Cir. 1978)**

   We propose that no later than four weeks prior to trial, the government will file a proffer within the scope of Santiago, 582 F.2d 1128.

5. **Filing of Materials Subject To 18 U.S.C. 3500**

   We propose that no later than four weeks prior to trial, the government will provide materials subject to 18 U.S.C. 3500.

6. **Any Other Preliminary Matters Where Agreement Would Serve To Expedite The Orderly Trial Of The Case**

   Please contact me about any other preliminary matters where you believe agreement would serve to expedite the orderly trial of the case.

7. **Other Materials or Information**

   We are continuing to review our files to determine whether there are any other Rule 16 materials. If we locate such materials, we will produce them as soon as practicable.

   We acknowledge the government's continuing obligation to disclose information under *Brady v. Maryland*, 373 U.S. 83 (1963), and we will honor that obligation.

8. **Government's Requests**

   I am requesting all discovery material to which the government is entitled pursuant to Local Criminal Rule 16.1 and the Federal Rules of Criminal Procedure, including but not limited to:

   1. The opportunity to inspect and copy any document or physical object defendant intends to introduce as evidence in chief at trial;

   2. The results or reports of any examination, test, and any experiment which defendant intends to introduce at trial

      or which were prepared by a witness whom defendant intends to call at trial;

3. Notice of any alibi or similar defense the defendant intends to raise, including the defense of necessity or coercion, and any defense asserting the defendant's unavailability on or near the dates named in the indictment; and

4. Notice of any defense that may possibly be raised of a mental defect inconsistent with the state of mind required for the offense charged.

    One additional matter for your consideration is the subject of plea negotiations and/or the possibility of cooperation. As you know, defendant's timeliness in manifesting an acceptance of responsibility is one of the elements to be considered in determining whether to reduce the adjusted offense level under the United States Sentencing Guidelines. Based upon my assessment of the evidence in this case and the proposed schedule concerning 404(b) materials and the Santiago proffer, we will need to begin trial preparation no later than six weeks before the scheduled trial date. Please note in this regard that once we begin trial preparation, the defendant may become ineligible for a one-level reduction under Guideline Section 3E1.1(b).

    Please sign and return a copy of this letter to me. Your signature will stand as your acknowledgment of your continuing obligation to make all disclosures required by Federal Rules of Criminal Procedure 16, an acknowledgment I make now.

                                  Very truly yours,

                                  PATRICK J. FITZGERALD
                                United States Attorney

By: _____
      KAARINA SALOVAARA
      Assistant United States Attorney
      United States Attorney's Office
      219 S. Dearborn St., 5th Floor
      Chicago, Illinois 60604
      (312) 353-8880

Enclosures

or which were prepared by a witness whom defendant intends to call at trial;

3. Notice of any alibi or similar defense the defendant intends to raise, including the defense of necessity or coercion, and any defense asserting the defendant's unavailability on or near the dates named in the indictment; and

4. Notice of any defense that may possibly be raised of a mental defect inconsistent with the state of mind required for the offense charged.

One additional matter for your consideration is the subject of plea negotiations and/or the possibility of cooperation. As you know, defendant's timeliness in manifesting an acceptance of responsibility is one of the elements to be considered in determining whether to reduce the adjusted offense level under the United States Sentencing Guidelines. Based upon my assessment of the evidence in this case and the proposed schedule concerning 404(b) materials and the Santiago proffer, we will need to begin trial preparation no later than six weeks before the scheduled trial date. Please note in this regard that once we begin trial preparation, the defendant may become ineligible for a one-level reduction under Guideline Section 3E1.1(b).

Please sign and return a copy of this letter to me. Your signature will stand as your acknowledgment of your continuing obligation to make all disclosures required by Federal Rules of Criminal Procedure 16, an acknowledgment I make now.

Very truly yours,

PATRICK J. FITZGERALD
United States Attorney

By: _____
KAARINA SALOVAARA
Assistant United States Attorney
United States Attorney's Office
219 S. Dearborn St., 5th Floor
Chicago, Illinois 60604

(312) 353-8880

Enclosures

ACKNOWLEDGED: _____
Counsel for defendant Robert J. Weinstein

DATE: _____

5

# EXHIBIT B

**To Be Filed Under Seal Once Protective Order Is Entered**
Protective Order & Motion to File Under Seal Pending