IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ROBERT J. WEINSTEIN, ) <br> ) <br> Defendant. ) <br> ) | Case No: 08 CR 515 <br><br> Judge Ruben Castillo |

### DEFENDANT ROBERT WEINSTEIN'S MOTION FOR PRODUCTION OF AGENTS' NOTES

Defendant Robert Weinstein, by his attorneys, respectfully requests pursuant to Federal Rule of Criminal Procedure 16(a)(1)(A) and the principles enunciated in *Brady v. Maryland*, 373 U.S. 83 (1963), that the Court order the production of all notes prepared by law enforcement authorities or government investigators during the course of any and all interviews of defendant Dr. Weinstein. In support of his Motion, Dr. Weinstein states as follow:

1. Dr. Weinstein made himself available to the government for four extensive proffer sessions between August 18, 2005 and September 15, 2005. The government chose to summarize all four sessions into a single 302 in lieu of preparing separate interview memoranda for each session.

2. The parties conducted a discovery conference as required by Local Criminal Rule 16.1(a) on July 16, 2008 and have also conducted telephone conversations regarding discovery issues. In addition, subsequent to the July 16 meeting, the parties exchanged letters regarding disclosure obligations. *See* Ex. A (July 31, 2008 letter from K. Salovaara to V. Connelly) and Ex. B (August 6, 2008 letter from V. Connelly to K. Salovaara and W. Hogan). In its July 31, 2008 letter, the government confirmed that it "will direct the government agents involved in the

related investigations to preserve their written notes, if any." *See* Ex. A at 3. Counsel for Dr. Weinstein responded by requesting that notes of government agents taken during proffer sessions with Dr. Weinstein be provided to the defense, not simply preserved. *See* Ex. B at 2 ("Given the rulings by Judge St. Eve in the Rezko case, I specifically request that you *provide* the agent notes (as opposed to simply preserving them) at your earliest convenience.") (emphasis in original).

3. It is critical that the government disclose the agents' notes because the single, composite 302 does not fully and adequately reflect the four proffer sessions. The composite 302 is deficient primarily because:

(a) Dr. Weinstein has reason to believe that the composite 302 fails to incorporate all substantive statements made during the proffer sessions, including some clarifying statements related to the charges brought by the government. Counsel for Dr. Weinstein enumerated several of those clarifying statements in his August 6, 2008 communication with the government. *See* Ex. B at 2.

(b) The composite nature of the 302 fails to reveal the topics raised by the government in each session and Dr. Weinstein's statements responding to the various topics. In particular, the composite 302 does not provide the dates on which particular statements were made; the manner and means used to refresh Dr. Weinstein's recollection; and whether Dr. Weinstein's statements changed or remained consistent over time.

4. Because of these deficiencies in the composite 302, the government's disclosure of the composite 302 fails to satisfy the obligations set forth in Rule 16. Rule 16 of the Federal Rules of Criminal Procedure requires the government to disclose "the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the

statement at trial." Fed. R. Crim. P. 16(a)(1)(A). The Seventh Circuit has determined that Rule 16 is satisfied if the government turns over a written report that contains "**all** of the information found in an agent's original notes but does not deliver the notes themselves." *United States v. Coe*, 220 F.3d 573, 583 (7th Cir. 2000) (emphasis added). At issue here, however, is the unusual circumstance of a composite summary of four proffer sessions, a technique that necessarily makes it impossible to ascertain what was said in each session and whether variations occurred from session to session. Understanding the full essence and evolution of Dr. Weinstein's four proffer sessions is vitally important given that one of the charges against Dr. Weinstein is that he made a false statement to an agent of the Federal Bureau of Investigations during an earlier interview. *See* Weinstein Indictment, Count III. The false statement charge cannot be adequately or fairly evaluated on the basis of a composite 302 that fails to separate the sessions.

5. The defendant recognizes this Court's recent decision in *United States v. Troutman* in which the Court ruled that before deciding whether agents' notes should be disclosed, it will review the notes *in camera* to determine whether the written reports accurately reflect all information contained in those notes. No. 07 CR 05, -- F. Supp.2d --, 2008 WL 3892173, *9 (N.D. Ill. Aug. 21, 2008). Although similar, the defendant believes *Troutman* is distinguishable on the basis that the typed summary at issue in this matter is a composite summary of four proffer sessions. As a result, Dr. Weinstein respectfully feels that this matter is more comparable to *United States v. Rezko*, in which the government provided the defense with composite 302s for many witnesses, including Stuart Levine. *See* Ex. C at ¶ 2 (Defendant's Motion For Production Of Agents' Notes, *United States v. Rezko*, 05 CR 691 (Feb. 18, 2008) (Dkt. 335). In that case, the government disclosed to the defense upon request certain agents' notes from proffer sessions of Stuart Levine. The government subsequently disclosed additional

notes from proffer sessions pursuant to an order from Judge St. Eve.  *See* Ex. D (Minute Order, *United States v. Rezko*, 05 CR 691 (Feb. 20, 2008) (Dkt. 344) (granting in part Defendant's Motion For Production Of Agents' Notes)).

      6.     WHEREFORE, based on the foregoing, Dr. Weinstein respecting requests that the Court order the government to immediately produce all notes from the interviews of Dr. Weinstein to his counsel.

Dated: August 29, 2008            Respectfully submitted,

    /s/ Vincent J. Connelly
Vincent J. Connelly
Sarah E. Streicker
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL  60606-4637
(312) 782-0600

*Attorneys for Defendant Robert J. Weinstein*

# EXHIBIT A



U.S. Department of Justice

United States Attorney
Northern District of Illinois

Kaarina Salovaara                                                                                          Office (312) 353-8880
Assistant U.S. Attorney                                                                                Facsimile (312) 886-3502
                                                              Dirksen Federal Building
                                                              219 South Dearborn Street, Suite 500
                                                              Chicago, Illinois 60604

By Hand Delivery

July 31, 2008

Vincent J. Connelly
Mayer Brown LLP
71 S. Wacker Drive
Chicago, Illinois 60606

            Re: *United States v. Weinstein*, 08 CR 515

Dear Mr. Connelly:

     This letter is to confirm the substance of a portion of our meeting on July 16, 2008, and our e-mail exchange yesterday and today, and to make certain disclosures and proposals pursuant to Local Criminal Rule 16.1 and Rule 16 of the Federal Rules of Criminal Procedure.

     As we discussed, we are today producing discovery materials pursuant to the terms of a protective order previously entered by Judge Shadur in another case, *United States v. Vrdolyak*, 07 CR 298 (the "Protective Order"). You agreed to abide now by the terms of the Protective Order in this case, and we agreed that we will ask Judge Castillo to enter the terms of this Protective Order in this case at our next status.

     As we also discussed, the government anticipates that it will produce the vast majority of the discovery in this case in electronic form. Enclosed with this letter is some of that discovery, on two CDs, each labeled "Discovery Produced 7/31/08," and, additionally, approximately seventy-one pages of transcripts, which materials are described in the enclosed two-page discovery log. The log includes columns labeled "Description," "Activity, and "Speakers," and that information is provided solely to suggest the material in each batch. It is *not* intended to be a complete description of the materials in the batch and you should *not* rely upon it *except* as a general suggestion as to the type of material in the batch.

     As you will note, the electronic materials have been arranged

by document, and thus you can determine where a document begins and ends. While the government has attempted to accurately scan the documents it has received into the database, it cannot guarantee that every page has been scanned accurately or that every document break has been captured. If you have any questions about any document, please do not hesitate to contact me.

As we also discussed, we will not immediately produce additional materials to you. After you review these materials, please give me or Bill Hogan a call.

We propose a timetable and procedures as follows:

1. <u>**Inspection, Copying, Or Photographing Information Subject To Disclosure Pursuant To Fed.R.Crim.P. 16**</u>

   **a. Statements of defendant, including certain recorded conduct**

   Six statements by defendant were recorded in the course of a Court-authorized Title III surveillance of certain telephone lines. At this time, the government is producing all six of these telephone conversations, and these conversations are on the disk marked "6 Call Recording between Weinstein & Levine, 04 & 05/2004." The government has prepared draft transcripts of these six conversations and we are producing those draft transcripts today, and all of the draft transcripts are produced subject to your agreement <u>that the **draft** transcripts will not be used at trial, or in any proceeding, for any purpose, including cross-examination of any witness.</u> To memorialize this agreement, please sign and return a copy of this letter to me. Your signature will stand as your agreement that you will not use the **draft** transcripts at trial or in any proceeding, for any purpose, including cross-examination of any witnesses.

   **b. Defendant's Prior Record**

   At the present time, the government is not aware of any prior criminal history. In the event we learn contrary information, we will provide that information to you.

   **c. Defendant's Property In Government Custody**

   During the investigation, defendant produced materials in response to various subpoenas. If you wish to inspect any of that material, please contact me.

   **d. Reports Of Examinations and Tests**

   None. In the event results of examination, test, or experiments are received, they shall be provided to you.

2. **Preserving The Written Notes Of Agents**

The government will direct the government agents involved in the related investigations to preserve their written notes, if any.

3. **Evidence To Be Introduced Pursuant To Fed.R.Evid. 404(b)**

We propose that no later than four weeks prior to trial, the government will identify and provide notice of the evidence it intends to introduce pursuant to Federal Rule of Evidence 404(b).

4. **Filing Of A Proffer Made Within The Scope Of United States v. Santiago, 582 F.2d 1128 (7th Cir. 1978)**

We propose that no later than four weeks prior to trial, the government will file a proffer within the scope of Santiago, 582 F.2d 1128.

5. **Filing of Materials Subject To 18 U.S.C. 3500**

We propose that no later than four weeks prior to trial, the government will provide materials subject to 18 U.S.C. 3500.

6. **Any Other Preliminary Matters Where Agreement Would Serve To Expedite The Orderly Trial Of The Case**

Please contact me about any other preliminary matters where you believe agreement would serve to expedite the orderly trial of the case.

7. **Other Materials or Information**

We are continuing to review our files to determine whether there are any other Rule 16 materials. If we locate such materials, we will produce them as soon as practicable.

We acknowledge the government's continuing obligation to disclose information under *Brady v. Maryland*, 373 U.S. 83 (1963), and we will honor that obligation.

8. **Government's Requests**

I am requesting all discovery material to which the government is entitled pursuant to Local Criminal Rule 16.1 and the Federal Rules of Criminal Procedure, including but not limited to:

   1. The opportunity to inspect and copy any document or physical object defendant intends to introduce as evidence in chief at trial;

   2. The results or reports of any examination, test, and any experiment which defendant intends to introduce at trial

or which were prepared by a witness whom defendant intends to call at trial;

3. Notice of any alibi or similar defense the defendant intends to raise, including the defense of necessity or coercion, and any defense asserting the defendant's unavailability on or near the dates named in the indictment; and

4. Notice of any defense that may possibly be raised of a mental defect inconsistent with the state of mind required for the offense charged.

One additional matter for your consideration is the subject of plea negotiations and/or the possibility of cooperation. As you know, defendant's timeliness in manifesting an acceptance of responsibility is one of the elements to be considered in determining whether to reduce the adjusted offense level under the United States Sentencing Guidelines. Based upon my assessment of the evidence in this case and the proposed schedule concerning 404(b) materials and the Santiago proffer, we will need to begin trial preparation no later than six weeks before the scheduled trial date. Please note in this regard that once we begin trial preparation, the defendant may become ineligible for a one-level reduction under Guideline Section 3E1.1(b).

Please sign and return a copy of this letter to me. Your signature will stand as your acknowledgment of your continuing obligation to make all disclosures required by Federal Rules of Criminal Procedure 16, an acknowledgment I make now.

                                               Very truly yours,

                                               PATRICK J. FITZGERALD
                                               United States Attorney

By: _____
KAARINA SALOVAARA
Assistant United States Attorney
United States Attorney's Office
219 S. Dearborn St., 5th Floor
Chicago, Illinois  60604
(312) 353-8880

Enclosures

4

or which were prepared by a witness whom defendant intends to call at trial;

3. Notice of any alibi or similar defense the defendant intends to raise, including the defense of necessity or coercion, and any defense asserting the defendant's unavailability on or near the dates named in the indictment; and

4. Notice of any defense that may possibly be raised of a mental defect inconsistent with the state of mind required for the offense charged.

One additional matter for your consideration is the subject of plea negotiations and/or the possibility of cooperation. As you know, defendant's timeliness in manifesting an acceptance of responsibility is one of the elements to be considered in determining whether to reduce the adjusted offense level under the United States Sentencing Guidelines. Based upon my assessment of the evidence in this case and the proposed schedule concerning 404(b) materials and the Santiago proffer, we will need to begin trial preparation no later than six weeks before the scheduled trial date. Please note in this regard that once we begin trial preparation, the defendant may become ineligible for a one-level reduction under Guideline Section 3E1.1(b).

Please sign and return a copy of this letter to me. Your signature will stand as your acknowledgment of your continuing obligation to make all disclosures required by Federal Rules of Criminal Procedure 16, an acknowledgment I make now.

Very truly yours,

PATRICK J. FITZGERALD
United States Attorney

By: _____
KAARINA SALOVAARA
Assistant United States Attorney
United States Attorney's Office
219 S. Dearborn St., 5th Floor
Chicago, Illinois 60604

(312) 353-8880

Enclosures

ACKNOWLEDGED: _____
Counsel for defendant Robert J. Weinstein

DATE: _____

5

# EXHIBIT B

**To Be Filed Under Seal Once Protective Order Is Entered**
Protective Order & Motion to File Under Seal Pending

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05 CR 691 |
| ) | Judge Amy St. Eve |
| ANTOIN REZKO, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION FOR PRODUCTION OF AGENTS' NOTES**

Defendant Antoin Rezko, by his undersigned attorneys, hereby moves this Court pursuant to the Due Process Clause of the Fourth Amendment and *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763 (1972), to order the production of all notes prepared by law enforcement authorities and all investigative agencies during the course of the witness interviews for which the government has produced "composite Form 302" reports. In support of this motion, Mr. Rezko states as follows:

1.  As this Court is now well aware, in the course of its investigation the government decided to summarize forty-two of its interview sessions with its key witness, Stuart Levine, into one massive composite 302 in lieu of preparing separate interview memos which would have reflected the evolution of his testimony from one interview session to the next. This Court is also aware that, upon defense counsel's request, the government turned over 942 virtually indecipherable pages of agents' notes. Recognizing that the notes were essentially useless due to their sheer volume, unclear handwriting and cryptic nature, the Court ordered the government to make the agents who prepared the notes available to read their notes to defense counsel so that

counsel would have effective use of the notes in time for trial.[1]

2.   In addition to the Levine 302 referenced above, the government has produced thirty-one other composite Form 302s, purporting to summarize multiple interviews of twenty-four individuals. Included in this count are two additional composite 302s of Levine for which the government has not turned over agents' notes. As for the twenty-three other individuals, the government expects to call seven at trial, including Steve Loren, Charles Hannon, Sheldon Pekin, Jacob Kiferbaum, and Daniel Mahru, while ten others have not been ruled out as witnesses the government expects to call, including Jon Bauman, Dan Frawley and John Glennon. A listing of all the composite Form 302s produced so far is attached hereto as Exhibit A.

3.   Just like the Levine composite for which the government has produced agents' notes, these composite Form 302s are the agents' summary of statements made by these individuals over many interview sessions. The composite 302s do not disclose the essence of what would be used to impeach any of these individuals during cross-examination: the *dates* on which they first made particular statements to the FBI, the *omissions* they made in not providing material information as requested, the manner and means used to *refresh recollection*, and the *inconsistencies* in their statements during the series of interviews. These summary narratives fail to record the evolution of the individuals' statements from one interview session to the next and, as a result, they foreclose defense counsels' ability to use what may be critical impeachment evidence at trial. As such, the agents notes are material and therefore must be produced pursuant

---

[1] Following the Court's ruling, the parties conferred and the government has agreed to make one of the agents involved in compiling the Levine 302 available on Friday, February 22, 2008, and another agent available on Monday, February 25, 2008.

2

to the government's obligation under the Due Process Clause. *Giglio, supra; see also, United States v. Pelullo*, 105 F.3d 117, 122-23 (3rd Cir. 1997) (evidence regarding the witness's prior inconsistent statements, his previous lies to government investigators, and his inability to recall facts in prior interviews is impeachment evidence subject to the *Giglio* obligation); *United States v. Sullivan*, 919 F.2d 1403, 1427 (10th Cir. 1991) (remand to determine if destroyed agent's notes revealed inaccuracies or inconsistencies in the trial testimony of key prosecution witnesses). The government is obligated to disclose information that impeaches its witnesses regardless of whether that information has already been reduced to writing. *United States v. Rodriguez*, 496 F.3d 221, 226 (2nd Cir. 2007) ("the obligation to disclose information covered by the *Brady* and *Giglio* rules exists without regard to whether the information has been recorded in tangible form.")

4. The government recognized its obligations under *Giglio* and *Brady* when it agreed to turn over the agents notes from the forty-two Levine interviews sessions that were summarized in the first Levine composite Form 302. The same obligations ought to justify the production of the agents' notes used to prepare the other composite 302s of Levine as well as the other witnesses, but the government has refused to produce those notes.

5. The composite 302s of the seven other witnesses at issue do not appear to suffer from the same defects as Levine's composite. Accordingly, Defendant does not foresee asking for relief of the type granted by the Court in connection with the first Levine composite 302. However, given that the same agents were involved, if legibility issues arise, they can be addressed at the upcoming meetings with the agents.

6. For the foregoing reasons, defendant respectfully requests that the Court order the

government to produce the agent notes that correspond to each composite 302 report made of the interviews of any witness the government expects to call at trial.

Dated: February 18, 2008                    Respectfully submitted,

                                            ANTOIN S. REZKO


                                    By:     /s/ Mariah E. Moran
                                            One of his attorneys


Joseph J. Duffy
William P. Ziegelmueller
Mariah E. Moran
STETLER & DUFFY, LTD.
11 S. LaSalle St., Ste 1200
Chicago, IL 60603
(312) 338-0200

4

A

*United States v. Rezko*
05 CR 691
Composite Form 302s produced

1. Jon Bauman - 7/29 & 8/2/05
2. Jon Bauman - 8/9-8/10/06
3. Alan Brown - 4/13 & 4/25/07
4. Edward Chestnut - 3/4 & 3/7/05
5. Consensual - Kottman - 4/19 & 20/04
6. John Emel - 9/27 & 10/2/06
7. John Emel - 8/22 & 8/25/06
8. Charles Hannon - 6/23 & 6/30/05
9. Deborah Harmon - 11/23 & 12/15/04
10. William Hoy - 5/2 & 7/5/05
11. Warren Katz - 7/8 & 7/25/05
12. Jacob Kiferbaum - 6/7/04 - 1/20/05
13. William Kottman - 12/29/03 & 1/8/04
14. William Kottman - 4/19 - 20/04
15. Stuart Levine - 1/20 - 8/1/06
16. Stuart Levine - 9/5/2006, 9/7/2006
17. Stuart Levine - 11/28/2006 - 2/7/2007
18. Steven Loren - 12/8/2004 - 4/14/2005
19. Daniel Mahru - 12/8/2005 - 1/18/2006
20. Daniel Mahru - 12/8 -16/2005
21. Elie Maloof - 5/23-8/1/2005
22. Daniel Morissette - 9/15 & 10/13/04
23. Sheldon Pekin - 8/26-9/23/2004
24. William Pekin - 11/16 & 12/23/2004
25. Daniel Ward - 11/23 & 12/15/2004
26. Robert Weinstein - 8/18-9/15/2005
27. Daniel Frawley - 6/19-20/2006
28. Daniel Frawley - 6/29-30/2006
29. Daniel Frawley - 5/11-15/2006
30. John Mudgett - 9/25 & 9/28/2006
31. Source 270D-CG-121198 - 4/21 & 5/4/2006
32. John Glennon - 11/15, 16, 19/2007

# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 3.0
Eastern Division

UNITED STATES OF AMERICA
                                        Plaintiff,
v.                                                      Case No.: 1:05−cr−00691
                                                        Honorable Amy J. St. Eve
Stuart Levine, et al.
                                        Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, February 20, 2008:

    MINUTE entry before Judge Amy J. St. Eve :MOTION by Antoin Rezko to produce Agents' Notes [335] is granted in part and denied in part, as stated in open court as to Antoin Rezko (4). Status hearing held on 2/20/2008. Agreed statement of the case due by 2/27/2008. Modified list of witnesses due by 2/27/2008. Pre−marked exhibits due by 2/29/2008. In Court/Jury Instruction Conference set for 2/26/2008 at 10:30 AM. Pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. 3161(h)(8)(B)(ii)time is excluded in the interest of justice, and pending pretrial motions beginning 2/20/2008 to 2/26/2008.Mailed notice (tmh, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.