

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
2008 SEP -8 AM 8:58
CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 08 CR 515 |
| v. ) | Judge Ruben Castillo |
| ) | |
| ROBERT J. WEINSTEIN ) | |

## AGREED PROTECTIVE ORDER

Upon the agreement of counsel for the government and counsel of record for defendant (hereafter "defendant's counsel"), it is hereby ORDERED as follows:

1. All materials produced by the government in preparation for, or in connection with, any stage of the proceedings in this case including, but not limited to, grand jury transcripts, agency reports, recorded conversations, witness statements, memoranda of interview, and any document and tangible object, shall be divided into two categories: "Regular Discovery" and "Confidential" materials.

2. The parties contemplate that the government may designate as Confidential any item that it believes require special protection. An example of such an item includes discovery material that may contain information relating to an ongoing or potential investigation of criminal wrongdoing. Defendant reserves the right to contest any government designation. Defendant shall not file any Confidential materials publicly with the Clerk of Court or with the Court without first attempting to obtain the permission of the Court to file the Confidential materials under seal. After the case is closed in the District Court, the parties may obtain the return of any previously-sealed or previously-restricted documents by a motion filed within 60 days of the close of the case. Any documents that are not withdrawn during that time period will become part of the public case file.

3. All materials produced by the United States, including both Regular Discovery and Confidential materials, remain the property of the United States. Upon conclusion of the trial of this case and any direct appeals of this case, or upon the earlier resolution of the charges against defendant,

all of these materials and all copies made thereof shall be destroyed, unless otherwise explicitly ordered by the Court. All materials or copies withheld by the defendant's counsel by express order of Court shall be preserved only so long as is necessary for further proceedings related to this cause, after which such materials or copies shall be returned to the United States or destroyed. The Court may require a certification as to the disposition of any such materials retained.

    4.       All materials produced by the United States may be utilized by defendant, defendant's counsel, and agents or employees working on behalf of defendant's counsel solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding. Defendant's counsel and defendant shall not disclose these materials either directly or indirectly to any person other than defendant, defendant's counsel, persons employed to assist in the defense, agents working on behalf of defendant's counsel, a potential witness to whom documents relevant to his/her testimony may be shown in connection with the defense of this case (a "potential witness"), counsel for a potential witness, a person believed to have knowledge relevant to the prosecution or defense where it is believed that the person's relevant knowledge may be enhanced by the opportunity to examine the material (a "person with relevant knowledge"), counsel for person with relevant knowledge, or such other persons as to whom the Court may explicitly order disclosure. Any notes or records of any kind that defendant's counsel or defendant may make relating to the contents of materials provided by the United States shall not be disclosed to anyone other than the defendant, defendant's counsel, persons employed to assist the defense, agents working on behalf of defendant's counsel, a potential witness, counsel for a potential witness, a person with relevant knowledge, counsel for a person with relevant knowledge, or such other person as to whom the Court may explicitly order disclosure, and all such notes and records shall not be disclosed except as provided by this Order.

5. When materials produced by the United States are disclosed to a potential witness, counsel for a potential witness, a person with relevant knowledge, or counsel for a person with relevant knowledge pursuant to the terms of this Order, neither the potential witness, counsel for the potential witness, the person with relevant knowledge, nor counsel for the person with relevant knowledge shall disclose these materials either directly or indirectly to any person other than defendant, defendant's counsel, persons employed to assist in the defense, agents working on behalf of defendant's counsel, or such other persons as to whom the Court may explicitly order disclosure. Any notes or records of any kind that a potential witness, counsel for a potential witness, a person with relevant knowledge, or counsel for a person with relevant knowledge may make relating to the contents of materials provided by the United States shall not be disclosed to anyone other than defendant, defendant's counsel, persons employed to assist the defense, agents working on behalf of defendant's counsel, or such other person as to whom the Court may explicitly order disclosure.

6. Defendant's counsel shall inform all employees or agents working on behalf of defendant's counsel to whom any of these materials are disclosed that the disclosure is made pursuant to the terms of this Order; shall provide each of these individuals with a copy of this Order; and shall direct each of these individuals to comply with the terms of this Order.

7. Defendant's counsel shall inform a potential witness, counsel for a potential witness, a person with relevant knowledge, and counsel for a person with relevant knowledge to whom any of these materials are disclosed that the disclosure is made pursuant to the terms of this Order; shall provide each of these individuals with a copy of this Order; and shall advise each of these individuals that they are obligated to comply with the terms of this Order.

8. The materials produced by the United States shall not be copied or reproduced by defendant's counsel or defendant except so as to provide copies of these materials for the use by

defendant's counsel and defendant and such persons as are employed by them to assist in the defense or agents working on behalf of defendant's counsel, and such copies and reproductions shall be treated in the same manner as the original matter.

9. The restrictions set forth in this Order do not apply to the United States, and nothing in this Order limits the government's use and/or dissemination of these materials.

10. The restrictions set forth in this Order do not apply to documents that are in the public record or public domain. In addition, this Order does not apply to any materials that defendant obtains from any sources other than the government.

11. The Order may be modified by the agreement of the parties with permission of the Court or by further Order of the Court.

12. Any violation of this Order may result in imposition of civil and criminal sanctions.

ENTER:

_____
RUBEN CASTILLO
United States District Judge

Dated: September 8, 2008